IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN FISHER, | ) | CIVIL ACTION NO. 2:22-cv-1853 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DARREN FISHER, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

a. Plaintiff filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about April 19, 2022, at charge number 533-2022-00739, May 17, 2022, at charge number 533-2022-01666 and on May 26, 2022, at charge number 533-2022-01778. Said charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

b. Plaintiff received a Notices of the Right to Sue for the above-described charges dated December 12, 2022; and

c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

PARTIES

5. Plaintiff, Darren Fisher, is a forty-nine (49) year old male individual who resides in Allegheny County, Pennsylvania.

6. Defendant, Pennsylvania Department of Corrections, is an agency of the Commonwealth of Pennsylvania, with offices located at 1920 Technology Parkway, Mechanicsburg, Pennsylvania 17050.

7. At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

FACTUAL ALLEGATIONS

8. Plaintiff began his employment with the Commonwealth of Pennsylvania in or about July of 2001 and was promoted to the position of Criminal Investigator for the Defendant, an agency of the Commonwealth of Pennsylvania, in or about August of 2015.

9. Plaintiff held the position of Criminal Investigator for the Defendant from in or about August of 2015 until his unlawful termination on or about May 26, 2022.

10. In or about June of 2019, Plaintiff was subjected to false accusations of theft.

11. Thereafter, Plaintiff was subjected to various forms of harassment by his supervisors, Harold Kertes ("Kertes") and Daniel Meinart ("Meinart"), including, but not limited to, being subjected to baseless investigations into his conduct and increased scrutiny of his work.

12. Plaintiff believes, and therefore avers, that the false accusations and harassment by Mr. Kertes and Mr. Meinart was based on his sex, male, and/or age, forty-nine (49), in that similarly situated younger and/or female employees of the Defendant were not subjected to false accusations and harassment by Mr. Kertes and Mr. Meinart.

13. Plaintiff also believes, and therefore avers, that he was treated less favorably by the Defendant than similarly situated younger and/or female employees, including, but not limited to, Criminal Investigator Alexandria Constantine ("Constantine").

14. Plaintiff filed a charge of discrimination with the EEOC in or about September of 2021, at charge number 533-2021-02044 complaining of sex and age discrimination.

15. On or about January 23, 2022, Plaintiff referenced his EEOC charge of discrimination, as well as various other internal complaints made by the Plaintiff, in an email to his supervisor, Doug Hockenberry ("Hockenberry").

16. In response, Mr. Hockenberry responded that the Plaintiff had "made a serious mistake filing these complaints" and that the Plaintiff would "pay for this dearly."

17. Thereafter, in February of 2022, Plaintiff was placed on desk duty suspension for an alleged ethics policy violation.

18. Defendant did not provide a legitimate reason for taking that action against the Plaintiff.

19. Plaintiff believes, and therefore avers, that the Defendant placed the Plaintiff on desk duty suspension in retaliation for filing a charge of discrimination against the Defendant and/or based on his sex, male, and/or age.

20. Plaintiff believes, and therefore avers, that similarly situated younger and/or female employees have violated the Defendant's policies and have not been disciplined by the Defendant.

21. As a direct and proximate result of the Plaintiff's suspension, Plaintiff was denied mandatory training necessary to perform the functions of his position and prevented from preforming investigation activities, negatively affecting the Plaintiff's job performance.

22. Plaintiff filed a charge of discrimination against the Defendant in or about April of 2022, at charge number 533-2022-01666 for the Defendant's above-described conduct.

23. Thereafter, Mr. Kertes opened an investigation against the Plaintiff. Mr. Kertes also pressured the Plaintiff to answer questions that were directly related to his charges of discrimination.

24. Plaintiff then filed a charge or discrimination and retaliation against the Defendant on or about May 17, 2022, at charge number 533-2022-01666.

25. On or about May 26, 2022, Plaintiff was unlawfully terminated from his position. The reason given by the Defendant for the Plaintiff's unlawful termination were policy violations

relating to attendance, conduct and not properly completing a report regarding a case from the previous year.

26. The reasons given for Plaintiff's unlawful termination are pretextual and unworthy of belief.

27. Plaintiff believes, and therefore avers, that he was unlawfully terminated in retaliation for his complaints of discrimination and/or on the basis of his sex, male, and/or age, forty-nine (49).

28. Moreover, Plaintiff believes, and therefore avers, that he has been subjected to a hostile work environment base on his sex and/or age and/or in retaliation for her complaints of discrimination, as more fully described hereinbefore above.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has been adversely affected, both financially, professionally and emotionally.

30. Plaintiff believes, and therefore avers, that Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect similarly situated employees.

COUNT I:

TITLE VII - SEXUAL (GENDER) DISCRIMINATION

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth at length herein.

32. As described hereinbefore above, Plaintiff was discriminated against based upon his sex, male.

33. Plaintiff was subjected to discrimination based on his sex in the nature of an illegal termination and was treated in a manner which is different than and disparate to that of female employees, as described hereinbefore above.

34. As a direct result of the Defendant's discriminatory actions and violations of Title VII of

the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

35. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

36. The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

37. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d. that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

ADEA – AGE DISCRIMINATION

38. Plaintiff incorporates by reference Paragraphs 1 through 37 as though fully set forth at length herein.

39. As described hereinbefore above, Plaintiff was subjected to discrimination in the nature of an illegal termination and treated less favorably than younger, less experienced and less qualified employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

22. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

23. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

24. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

d. that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

RETALIATION

40. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth at length herein.

41. As more fully described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity, to wit, filing charges of discrimination with the EEOC, and making complaints of discrimination by the Defendant against the Plaintiff based on his age and/or sex.

42. As a direct result of Defendant's discriminatory actions, and in violation of Title VII and the ADEA, Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing his legal rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

43. The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d. that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e. that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

PENNSYLVANIA HUMAN RELATIONS ACT

44. Plaintiff incorporates Paragraphs 1 through 43 as though fully set forth at length herein.

45. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, *et seq*. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

46. As described hereinbefore above, the Defendant discriminated against the Plaintiff based on his age and/or and retaliated against the Plaintiff for engaging in protected activities, to wit, filing charges or discrimination with the EEOC.

36. By discriminating against the Plaintiff without just cause or legal excuse and solely because of his sex and/or age, by permitting the discrimination against the Plaintiff as aforementioned, and by retaliating against the Plaintiff for engaging inn protected activities, the Defendant has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon sex and/or age with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

37. As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among his peers and stress.

38. As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

39. The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative the PHRA

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d. that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e. that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: December 22, 2022